Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARIM TAHIR G., | |
| Petitioner, | Civil Action No. 18-17175 (ES) |
| v. | MEMORANDUM ORDER |
| JEFF SESSIONS, | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. On April 5, 2018, petitioner Karim Tahir G. ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") during his removal proceedings. (D.E. No. 1 ("Petition")). At the time he filed his Petition, Petitioner was detained at the Bergen County Jail in Hackensack, New Jersey. (*Id.* ¶ 2). While the case was pending before this Court, he was transferred to the Etowah County Detention Center in Gadsden, Alabama, where he currently remains. (D.E. No. 43 at 5 n.2).

2. On July 12, 2019, after his Petition challenging his prolonged detention was fully briefed and pending before the Court, Petitioner filed a motion for leave to amend the Petition ("Motion to Amend"). (D.E. No. 37). In that motion, Petitioner sought to include two additional grounds for relief: (i) he was subjected to an illegal arrest when he was detained by U.S. Marshals and/or U.S. Bureau of Prisons, based on an ICE detainer; and (ii) his re-arrest by U.S. Marshals pursuant to an ICE detainer also violated the Fifth Amendment Due Process Clause.

(D.E. No. 37-1 at 8–19).   For relief, he requested that the Court "[i]ssue a Writ of Habeas Corpus; and order the Petitioner released from detention *immediately*."   (D.E. No. 37-9, Proposed Amended Petition ¶ 78).   Alternatively, Petitioner requested that the Court "issue a Writ of Habeas Corpus and schedule a hearing before *this Court* where . . . to continue detention, the government must establish by clear and convincing evidence that Petitioner presents a risk of flight and/or danger to the community, even after consideration of alternatives to detention that could mitigate any risk that Petitioner's release would present."   (*Id.*).   Petitioner further requested that "if the government cannot meet its burden, this Court shall order Petitioner's release on appropriate conditions of supervision, taking into account Petitioner's ability to pay a bond."   (*Id.*).

3. In an order dated November 19, 2019, the Court advised Petitioner that it was prepared to issue an opinion and order that would grant the Petition, find Petitioner's detention pursuant to §1226(c) had become prolonged, and order the immigration court to conduct a bond hearing where the government bears the burden of proof.   (D.E. No. 40).   However, because Petitioner had filed the unopposed Motion to Amend, the Court required Petitioner to advise whether he wished to proceed with his Motion to Amend or withdraw and the Court would grant his original Petition.   (*Id.*).

4. Petitioner responded and clearly stated he wished to withdraw his Motion to Amend and for the Court to enter the opinion and order granting his Petition and ordering a bond hearing. (D.E. No. 41).   Shortly thereafter, the Court entered its Opinion and Order granting his Petition, ordering the immigration court to provide him with a bond hearing and marking this matter closed.

(D.E. Nos. 43 & 44). Petitioner received a bond hearing, at the conclusion of which the immigration judge denied bond. (D.E. No. 45).

5. After the denial of bond in the immigration court, Petitioner filed a *pro se* "Motion to Enforce Order Granting Habeas Corpus Relief" ("Motion to Enforce"). (D.E. Nos. 46 & 48).[1] Petitioner challenges the immigration judge's conclusions, arguing that the court did not use the proper standard during the hearing. (D.E. No. 48.). Counsel for Petitioner also filed a motion to withdraw as counsel on the same day. (D.E. No. 47 ("Motion to Withdraw")). On February 2, 2020, Respondent filed an opposition to the Motion to Enforce. (D.E. No. 49). Both the Motion to Withdraw as counsel and the *pro se* Motion to Enforce are still pending, which the Court will address as discussed below.[2]

6. On February 6, 2020, Respondent filed a Notice of Appeal with the Third Circuit, appealing the Court's prior order granting the habeas petition (D.E. No. 44). (D.E. No. 51). On April 8, 2020, the appeal was dismissed by the Third Circuit, at the Respondent's request, pursuant to Federal Rule of Appellate Procedure 42(b). (D.E. No. 54).

7. On April 24, 2020, counsel for Petitioner filed a motion to re-open pursuant to Federal Rule of Civil Procedure 60(b). (D.E. No. 55 ("Motion to Re-Open" or "Re-Open Mot.")). Counsel also filed a motion for preliminary injunction, requesting Petitioner's immediate release if the Court grants the Motion to Re-Open. (D.E. No. 56).

---

[1] Petitioner filed a motion to enforce the judgment and an amended motion to enforce the judgment on the same day. (D.E. Nos. 46 & 48).

[2] Because counsel filed the motions addressed herein on Petitioner's behalf (D.E. Nos. 55 & 56), the Court can only assume he no longer wishes to proceed with his Motion to Withdraw. Accordingly, the Court will deny said motion as moot. To the extent counsel still seeks to withdraw, he may re-new his motion if necessary.

8. In his Motion to Re-Open, Petitioner seeks to re-open this proceeding "due to the ongoing COVID-19 pandemic, which: (1) constitutes a new phenomenon and 'newly discovered evidence' under Rule 60(b)(2); (2) renders the prospective application of the Court's decision inequitable, under Rule 60(b)(5); and (3) also constitutes another reason justifying relief, under Rule 60(b)(6)." (Re-Open Mot. ¶ 2). As relevant here, Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
> 
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . .
> 
> (5) the judgement has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

9. The Court is not persuaded by Petitioner's arguments.[3] Petitioner's Motion to Re-Open is raising "new evidence" of the pandemic, which is not material to his underlying Petition and would not have changed the fact that the Court granted him the relief he sought. *See Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial").

---

[3] Petitioner cites no legal support for his arguments regarding the application of 60(b)(2) or (b)(5) to the circumstances of this case.

10. Next, the Court fails to see, and Petitioner does not provide any basis, as to how its decision granting the Petition and ordering a bond hearing is being applied "prospectively" within the meaning of 60(b)(5). *See*, *e.g.*, *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 272 (3d Cir. 2002) (citing *Gibbs v. Maxwell House*, 738 F.2d 1153, 1156 (11th Cir. 1984) ("[t]hat plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him.")); *Allen v. Walsh*, No. 06-4299, 2013 WL 1389752, at *4 (E.D. Pa. Mar. 15, 2013), *report and recommendation adopted*, No. 06-4299, 2013 WL 1389749 (E.D. Pa. Apr. 4, 2013) (collecting cases). The Court ordered a bond hearing and a bond hearing occurred. Simply because the immigration court did not grant bond to Petitioner, and he therefore remains in custody, does not create a "prospective effect." *See Allen*, 2013 WL 1389752, at *4

11. Finally, a court may grant relief under Rule 60(b)(6) "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). The "extraordinary circumstances" standard for granting a Rule 60(b)(6) motion is high. *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014). While certainly the global pandemic is an unparalleled health crisis, the Court does not find that relief under Rule 60(b)(6) is appropriate. Petitioner is attempting to raise issues that are wholly unrelated to his underlying Petition, and he received the relief he sought in the form of a bond hearing. Moreover, the new issues are related to his conditions of confinement in another district, which can and should be brought via a § 2241 petition filed there, where the court has jurisdiction over the custodian. *See Francis S.M. v. Decker*, No. 19-8053, 2020 WL 1956053, at *5 (D.N.J.

Apr. 23, 2020) ("[f]or these reasons, Petitioner's request for immediate release due to the COVID-19 pandemic is not properly before the Court and is instead properly addressed in a new habeas action in the District where [p]etitioner is confined").[4]

12.  With regards to Petitioner's *pro se* Motion to Enforce (D.E. Nos. 46 & 48), the Court finds that Petitioner is not entitled to relief.  Petitioner makes various allegations regarding the immigration judge's decision and whether he was afforded proper due process.  (D.E. Nos. 46 & 48.).  At the outset, Petitioner's appeal is still pending before the Board of Immigration Appeals, and therefore his claims regarding the sufficiency of the hearing appear unexhausted. *See Bravo v. Green*, No. 16-4937, 2017 WL 2268315, at *3 (D.N.J. May 24, 2017) ("if [p]etitioner could have, but did not, present his procedural claim to the Board of Immigration appeals, his claim is unexhausted and he may not raise that claim here via a petition for a writ of habeas corpus until such time as he does exhaust his administrative remedies.").

13.  In addition, his claims regarding the sufficiency of the hearing are unfounded. The Immigration and Nationality Act shields from review "[t]he Attorney General's discretionary judgment regarding the application" of the statute governing immigration detention, and states that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Quinteros v. Warden Pike Cty. Corr. Facility*, 784 F. App'x 75, 77 (3d Cir. 2019) (quoting 8 U.S.C. § 1226(e)).  The Court is therefore limited to reviewing only those of Petitioner's challenges that pertain to the adequacy of process he received at his bond hearing.  *See id.*  In a § 1226(c) bond

---

[4]     As the Court did in *Francis S.M.*, in light of the emergent and serious nature of Petitioner's request, the Court, in the interests of justice and pursuant to its authority under 28 U.S.C. § 1406(a), will direct the Clerk of Court to transfer Petitioner's motion for preliminary injunction (D.E. No. 56) to the United States District Court for the Northern District of Alabama to be considered in the first instance.

hearing, as in other administrative hearings before an immigration judge, "due process requires three things. An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotations and citations omitted).

14. Here, the immigration judge clearly reviewed the record, as evidenced by citations to the documents provided by the parties in the written opinion. (D.E. No. 49-2, Jan. 31, 2020 IJ Opinion ("Opp. Ex. B"), at 1–4). The immigration judge also noted, and Petitioner acknowledges, that Petitioner was given an opportunity to testify on his own behalf and his attorney also argued for him. (*Id.* at 4; Motion to Enforce ¶¶ 13–14). Finally, it is clear the immigration judge conducted an individualized hearing, as she referenced the specifics of Petitioner's case throughout the opinion. (Opp. Ex. B at 3–4).

15. Petitioner's primary issue with the decision appears to be that the immigration judge found him to be a danger to the community based on decades-old convictions. (Motion to Enforce ¶¶ 30, 38 & 45; D.E. No. 53 at 2 (claiming that the IJ did not use the proper standard because clear and convincing requires current evidence of dangerousness)). However, just as in *Quinteros*, this Court "lack[s] jurisdiction to consider [Petitioner's] argument—that the IJ failed to sufficiently consider [Petitioner's] present dangerousness—because it asks us to reweigh the IJ's discretionary decisionmaking." *Quinteros*, 784 F. App'x at 78. The immigration judge placed the burden on the Government and considered his past convictions in the context of all his

rehabilitative efforts of late, but nevertheless determined that he remained a danger to society.[5] To the extent Petitioner suggests that there was insufficient proof of present dangerousness, he asks this Court to reweigh the evidence in contravention of 8 U.S.C. § 1226(e). *See id.* Accordingly, Petitioner's Motion to Enforce will be denied.

Accordingly, and for the reasons stated herein,

IT IS on this 30th day of April 2020,

**ORDERED** that counsel's Motion to Withdraw (D.E. No. 47) is DENIED as moot; and it is further

**ORDERED** that Petitioner's Motion to Enforce (D.E. Nos. 46 & 48) is DENIED; and it is further

**ORDERED** that Petitioner's Motion to Re-Open (D.E. No. 55) is DENIED; and it is further

**ORDERED** that, in the interests of justice and pursuant to the Court's authority under 28 U.S.C. § 1406(a), the Clerk of Court is directed to SEVER and TRANSFER Petitioner's motion

---

[5] The immigration judge's opinion stated:

> According to testimony [at the hearing], [Respondent] has engaged in rehabilitative efforts to better himself while in custody, including taking a paralegal course. It appears, by all accounts, as stated by the re-sentencing judge, that, despite the seriousness of his convictions, the Respondent "has invested considerable effort in turning his life around" and "has been successful in doing so." . . . However, it has long been the case that this Court may consider factual circumstances of criminal activity, regardless of whether that activity ultimately results in a criminal conviction. Here, the factual record reveals that the Respondent has been convicted of a very serious offense, the sale of narcotics, where a weapon was involved, and for which he received a lengthy sentence. . . . Under these circumstances, and given the record, the Court finds that DHS has met its burden of proof to a clear and convincing evidence standard, that the Respondent poses a danger to the community of the United States.

(Op. Ex. B at 4).

for preliminary injunction (D.E. No. 56) to the United States District Court for the Northern District of Alabama on an expedited basis; and it is further

**ORDERED** that the Clerk of Court shall TERMINATE docket entry numbers 46, 47, 48, 55, and 56.

<u>*s/ Esther Salas*</u><br>
**Esther Salas, U.S.D.J.**