FILED
2020 Jun-08 PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **KARIM TAHIR GOLDING** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **4:20-mc-00634-CLM** |
| **ATTORNEY GENERAL JEFF SESSIONS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

The Court recently received this case—or, to be precise, a single motion in this former case—from the District Court of New Jersey. The case started when Petitioner Karim Golding filed a §2241 writ of habeas corpus (doc. 1), which the New Jersey court ultimately granted (doc. 44). Golding received an order for his requested relief (a bond hearing), and the case was closed.

An immigration judge subsequently denied bond. Golding did not approve. So, he attempted to resurrect this case with a motion to enforce (docs. 46, 48), a motion to reopen (doc. 55), and a corresponding motion for preliminary injunction (doc. 56). In a nutshell, the first motion attacks the immigration judge's decision and the latter two motions argue that Golding should be released from prison due to COVID-19, which spread after his case was closed.

The New Jersey Court denied the motion to enforce (docs. 46, 48) and the motion to re-open (doc. 55), but severed and transferred to this court the motion for preliminary injunction (doc. 56). In short, this court has a motion without a case.

A motion for preliminary injunction needs a case. "[A] preliminary injunction … remains in effect only during the lifespan of [a] litigation," *United States v. Stinson*, 661 F. App'x 945, 952 (11th Cir. 2016), because "the purpose of a preliminary injunction is 'to preserve the court's ability to render a meaningful decision on the merits.'" *Id.*, quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).

Because this case is closed, this court cannot consider the merits of Golding's motion for a preliminary injunction, as it cannot grant temporary relief until the merits are reached. If Golding wishes to pursue a preliminary injunction, he needs to first file a new action.

## CONCLUSION

Based on the foregoing, this court **DISMISSES** Petitioner Golding's Emergency Motion for Preliminary Injunction (doc. 56) as null and **DIRECTS** the Clerk to close this case.

**DONE** and **ORDERED** on June 8, 2020.

*/s/ Corey L. Maze*
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE